[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17097
Non-Argument Calendar

_____

Agency Nos. A95-218-099
A95-216-498

MARTHA GLADYS BAQUERO,
GABRIEL ANDRES SANTOS BAQUERO,
MARIA CAROLINA SANTOS BAQUERO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 5, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Martha Gladys Baquero, her children Gabriel Andres Santos Baquero and Maria Carolina Santos Baquero, natives and citizens of Colombia,[1] petition for review of the adoption and affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum and withholding of removal. No reversible error has been shown; we deny the petition.

We review the decisions of the IJ and the BIA in this case. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). An IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the

---

[1]Baquero included her children as derivatives in her asylum application. We refer only to Baquero in this opinion; but our decision about Baquero also applies to her children.

2

record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if she is a "refugee": a person unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). An imputed political opinion can be a protected ground. See Al Najjar, 257 F.3d at 1289 ("An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views.") (internal quotation and alteration omitted).

The asylum applicant bears the burden of proving statutory "refugee" status. Id. at 1284. To establish a well-founded fear of future persecution, the alien must "present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the protected ground. D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004) (internal quotation omitted); see also Perlera-Escobar v. Executive Office for Immigration, 894 F.2d 1292, 1297 (11th Cir. 1990) ("Even a clear probability that an alien's life is

3

threatened without any indication that the basis of the threat is related to a statutorily enumerated ground is insufficient to establish eligibility for relief.").

Baquero testified that her husband, who owned cattle farms in Colombia, did not provide the Revolutionary Armed Forces of Colombia ("FARC"), a guerilla organization, with access to his land or with fuel or food, as the FARC had demanded. Baquero's husband instead contacted neighboring farmers and urged them to form a watch group. Baquero then began to receive threatening telephone calls from persons who claimed to be members of the FARC and who accused Baquero's husband of being a "snitch" and threatened to kill Baquero's husband and his family. Later, when Baquero, her husband, and their children were traveling in their car, another car stopped them; and the persons in the other car displayed guns and shouted that they were kidnaping the Baqueros. But Baquero and her family escaped from the attempted kidnaping. A few months later, Baquero and her children left Colombia for the United States.

Baquero asserts that the IJ erred in determining that she had not demonstrated past persecution or a reasonable fear of future persecution based on her imputed political opinion as a result of her husband's conflict with the FARC. Substantial evidence supports the determination that Baquero failed to meet her

burden that she had been persecuted, or that she faced a well-founded fear of future persecution, on a protected ground.

Although we have explained that an alien may establish past persecution or a well-founded fear of future persecution based on her imputed political opinion, in this case, the alleged persecution of Baquero and her family resulted from her husband's refusal to cooperate with the FARC's demands and was not because of Baquero's political opinion, imputed or otherwise. Nothing in the records shows Baquero's political views. An alien's refusal to cooperate with the FARC is not sufficient to qualify her for relief from removal. See Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004).

Substantial evidence also supports the conclusion that Baquero failed to show a well-founded fear of future persecution based on a protected ground. The record shows that future harm that Baquero or her family may experience would not result from Baquero's political opinion, but instead would be on account of her husband's decision not to comply with the FARC's demands. Therefore, the evidence does not compel the conclusion that Baquero is eligible for asylum.[2]

---

[2]To the extent that Baquero challenges the BIA's conclusion that she could relocate to an area of Colombia where the FARC would not threaten her, we need not consider this argument because, for the reasons discussed, Baquero otherwise has failed to meet her burden that she is eligible for asylum.

Because she has failed to demonstrate that she is eligible for asylum, Baquero also has failed to meet the higher burden of proof required for withholding of removal. See Al Najjar, 257 F.3d at 1292-93.

Based on the foregoing, we deny the petition for asylum and withholding of removal.

PETITION DENIED.